David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone:   (602) 265-3332
Facsimile:   (602) 230-4482

Attorneys for Plaintiff
Justin Ulibarri

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Ulibarri<br><br>                          Plaintiff,<br>v.<br><br>Gurstel Chargo, PA and Asset<br>Acceptance LLC<br><br>                          Defendants. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  Justin Ulibarri, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Gurstel Chargo, PA ("Gurstel") and Asset Acceptance LLC, ("Asset Acceptance") and jointly as "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.  Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

6.  Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9.  Because Defendants do business within the State of Arizona, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

11. At all times relevant, Defendants conducted business within the State of Arizona.

HYDE & SWIGART
Consumer Protection Attorneys

**PARTIES**

12. Plaintiff is a natural person who resides in the City of Goodyear, State of Arizona.

13. Defendant Gurstel is located in the City of Scottsdale, in the State of Arizona.

14. Defendant Asset Acceptance is located in the City of Wilmington, Delaware.

15. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Plaintiffs are informed and believe and thereon allege that Defendant Gurstel was acting as an agent of and at the direction of Defendant Asset Acceptance; Therefore, Defendant Asset Acceptance can be held responsible and is vicariously liable for the conduct of Defendant Gurstel and vice versa.

**FACTUAL ALLEGATIONS**

18. Sometime before June 27, 2007, Plaintiff is alleged to have incurred certain financial obligations.

19. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. Sometime thereafter, but before June 27, 2007, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

21. Subsequently, but before June 27, 2007, the alleged debt was assigned, placed, or otherwise transferred, to Defendant Asset Acceptance for collection.

22. Defendant Asset Acceptance, using the law firm of Hammerman & Hultgren then sued Plaintiff in the White Tank Justice Court, case number CC2007-122971.

23. On or about September 18, 2007 Defendant Asset obtained a default judgment for a principal balance of $2,021.26, interest in the amount of $327.33 and attorney's fees and costs in the amount of $673.00, totaling $3021.59.

24. On or about May 2, 2011 Defendant Asset Acceptance filed an Application for Writ of Garnishment in which the Defendant claimed the total balance of the debt to be $4,241.88.

25. On or about August 5, 2012 Defendant Asset Acceptance filed a Renewal of Judgment in which the Defendant claimed the total balance of the debt to be $4,536.10.

26. On or about February 28, 2013, Defendant Asset Acceptance filed an Application for Writ of Garnishment in which the Defendant claimed the total balance of the debt to be $4,659.70.

27. Plaintiff's wages were then garnished for the remainder of 2013 and into January of 2014. A total amount of $4,938.51 was withheld from Plaintiff's earnings and paid to Defendant Asset Acceptance.

28. On or about January 2014 Plaintiff then received notice Defendant Asset was releasing the wage garnishment.

29. At this time, Plaintiff believed the alleged debt was paid in full.

30. On or about June 14, 2014, Plaintiff received a Notice of Appearance where Defendant Gurstel notified Plaintiff they were now the attorneys for Defendant Asset.

HYDE & SWIGART
Consumer Protection Attorneys

31. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

32. Confused, because Plaintiff was under the belief he had paid all that he owed, on or about Monday June 16, 2014, Plaintiff called Defendant Gurstel to clarify why he received paperwork from them.

33. During this phone call, Plaintiff spoke to Defendants' agent David G. who claimed Plaintiff had a remaining balance over $3,000.

34. This conversation with Defendants' agent was an attempt to collect an alleged debt.

35. Plaintiff then verbally disputed the debt with Defendants claiming the debt was paid and the garnishment had been released.

36. Defendants' agent requested Plaintiff provide proof of this.

37. Plaintiff then faxed Defendants the release of garnishment.

38. This same day, Plaintiff then called Defendant Asset's previous attorney Hammerman and Hultgren ("H&H).

39. During this conversation with H&H, Plaintiff was informed the garnishment had been released because Defendant Asset Acceptance had recalled the file. However H&H explained that Plaintiff only had a remaining balance of $83.84, not an amount over $3,000.

40. On Tuesday, June 17, 2014, Plaintiff called Defendant Gurstel back and spoke to their agent David G. Plaintiff informed him of his conversation with H&H and that Plaintiff only owed $83.84. Defendants' agent still insisted that Plaintiff owed an amount over $3,000.

41. Plaintiff spoke to this same agent on both Wednesday and Thursday and both times Defendants' agent insisted Plaintiff owed more than $3,000.

42. Panicked and concerned Plaintiff was going to be garnished yet again for an amount over $3,000, Plaintiff was forced to take time off of work to travel to two separate court houses to obtain records related to his case.

43. These records confirmed to Plaintiff that he did not owe the amounts alleged by Defendants, and Plaintiff was then forced to seek and obtain counsel to assist him with this problem.

44. Through the above-described conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt.  Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

45. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt.   Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A).

46. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken.   Consequently, Defendants violated 15 U.S.C. § 1692e(5).

47. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendants violated 15 U.S.C. § 1692f.

48. Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.   Consequently, Defendants violated 15 U.S.C. § 1692f(1).

49. Plaintiff suffered actual damages in the form of missed time from work, paying for court records, parking, as well as emotional distress mental anguish type damages, which manifested in symptoms including but not limited to: stress, anxiety, sleeplessness, feelings of hopelessness, pessimism,

guilt, helplessness, nervousness, depression, change in appetite, headaches, irritability all impacting his work and personal relationships.

### CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

50.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

51.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

52.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from each Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

53.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: June 20, 2014                    By: _ **/s/ David J. McGlothlin** _
                                                    David J. McGlothlin
                                                    Attorneys for Plaintiff